UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLEMMIE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:14-CV-581-TAV-HBG |
| | ) |
| SUPERIOR STEEL, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion for Sanctions Pursuant to Rule 37 for Failure to Obey Discovery Order [Doc. 16]. In this motion, Defendant moves the Court to dismiss this case with prejudice based upon Plaintiff's failure to comply with the Court's discovery order entered September 11, 2015. Defendant states that Plaintiff has failed to supplement his initial disclosures or respond to written discovery, despite the Court ordering him to do so. Specifically, Defendant states that Plaintiff failed to provide a sufficient computation of damages and did not respond to the written discovery that was served upon him on June 9, 2015.

On September 25, 2015, the Court sent notice setting a hearing to address the Motion for Sanctions to take place at 1:30 p.m. on October 28, 2015. On October 28, 2015, the Court conducted this hearing. Attorney Bob Bowman appeared on behalf of the Defendant, but neither

Plaintiff's counsel, nor the Plaintiff, appeared on behalf of the Plaintiff. There is no evidence in the record to indicate that Plaintiff's counsel did not receive notice of the hearing.

At the hearing, Mr. Bowman stated to the Court that Plaintiff's counsel, Michael Freeman, had emailed him once since the Motion for Sanctions was filed on September 24, 2015. Mr. Bowman tendered a copy of that email, which was sent from Mr. Freeman to Mr. Bowman at 2:12 p.m. on September 28, 2015, as Exhibit 1 to the hearing. The email states: "Here are the revised initial [d]isclosures. I will send over the [i]nterrogatories in the next 24 hours." The attached initial disclosures are not signed. Mr. Bowman stated that he never received a signed copy of the initial disclosures and that he never received the interrogatory answers mentioned by Mr. Freeman. Additionally, Mr. Bowman stated that he responded to the email by asking Mr. Freeman to make a settlement demand of the Defendant, but Mr. Freeman never responded.

As an initial matter, the Court finds that the Plaintiff has not responded to the Motion for Sanctions Pursuant to Rule 37 for Failure to Obey Discovery Order [Doc. 16], and the time for responding has expired, see E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 5, 6. The Court may treat this lack of a timely response in opposition as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2. Moreover, the Plaintiff and his counsel failed to appear at the hearing on October 28, 2015, and voice any opposition to the relief sought by the Defendant. The Court could grant the Defendant's motion based upon the lack of opposition alone. Nevertheless, the Court has considered the merits of the Defendant's motion.

If a party fails to obey an order to provide or permit discovery, the court may issue just orders including an order of dismissal or an order awarding sanctions. See Fed. R. Civ. P. 37(b)(2)(a); see also Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995) ("[A] district court

may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit.")

In evaluating a request for dismissal, a court must consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (citing United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)).

The Court first finds that Plaintiff's failure to participate in discovery was due to willfulness and fault. Plaintiff failed to submit his initial disclosures by the agreed-upon deadline of June 22, 2015. Plaintiff then failed to cure the deficiencies in the initial disclosures, despite receiving correspondence from Mr. Bowman requesting that he do so during the Summer of 2015. Plaintiff did not remedy the deficiencies in the initial disclosures or respond to the interrogatories, even though the Court then conducted a hearing on the issue and ordered that he do so by September 21, 2015. To date the Defendant has not received a complete, signed copy of either Plaintiff's initial disclosures or his responses to the written discovery. The Court finds that the sustained pattern of non-participation, despite intervention by opposing counsel and the Court, demonstrates that the failure to participate in discovery was due to willfulness and fault.

Next, the Court finds that the Defendant has been prejudiced by the Plaintiff's conduct because it has been almost a year since this case was initially filed and the Defendant has received no discovery from the Plaintiff. Bass, 71 F.3d at 240-41 (finding for plaintiff's refusal to answer interrogatories and produce documents for over a year following the filing of the complaint to be unfairly prejudicial). This case is set for trial next May, and the Defendant's

deadline for filing a dispositive motion expires in mid-December. The Plaintiff's failure to participate in discovery has hindered the Defendant's ability to file its motion for summary judgment and undercut its ability to prepare for trial. In addition, the Defendant has been forced to expend its resources attempting to get information that Plaintiff should have provided as a matter of course under Rule 26 of the Federal Rules of Civil Procedure. The lack of information provided by Plaintiff in discovery also hinders Defendant's ability to evaluate and settle this case prior to trial. The Court finds that the Defendant has been prejudiced by the Plaintiff's failure to provide discovery and to comply with the Court's order.

Further, the Court finds that the Plaintiff was warned in clear and precise terms that failure to cooperate could lead to dismissal. In its previous Order [Doc. 14], the Court admonished Plaintiff and his counsel that "failure to provide full and complete responses in compliance with the Court's Order may result in sanctions." [Doc. 14 at 1]. Though the sanction of dismissal is not specifically mentioned, the Court finds that this admonition constituted a sufficient warning that the sanctions provided for in Rule 37 of the Federal Rules of Civil Procedure, including dismissal, would be imposed.

Finally, the Court finds that less drastic sanctions were not imposed before dismissal was ordered, and thus, this factor does not weigh in favor of dismissal. However, the Court has considered the possibility of imposing lesser sanctions and finds that doing so would almost certainly be futile. The Plaintiff did not respond to the instant motion, nor did he or his counsel appear at the hearing before the undersigned. The Plaintiff appears to have abandoned his claim, both through his failure to cooperate in discovery and through his failure to address the issues before the Court. A lesser sanction, such as a monetary fine, is not likely to motivate Plaintiff to participate in this case or remedy his failure to participate in discovery. Moreover, as the

4

Honorable Thomas W. Phillips, United States District Judge, pointed out in a fairly recent decision, this factor is simply one of four factors to be considered and does not bar imposing appropriate sanctions. See Markowski v. Allstate Prop. & Cas. Co., No. 3:07-CV-104, 2010 WL 1609612 (E.D. Tenn. Apr. 20, 2010).

Based upon the foregoing, the Court finds that the Defendant's request for dismissal is well-taken. The Court has also considered the Defendant's request for attorneys' fees and expenses. The Court finds that the sanction of dismissal is an adequate means of addressing Plaintiff's failure to cooperate in this case and an additional sanction – in the form of an award of attorneys' fees or expenses – would be overly punitive.

Accordingly, the undersigned **RECOMMENDS**[1] that the Motion for Sanctions Pursuant to Rule 37 for Failure to Obey Discovery Order **[Doc. 16]** be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that: (1) Plaintiff's claims be **DISMISSED WITH PREJUDICE** and (2) all other requests for relief contained in the Motion for Sanctions be **DENIED**.

Respectfully Submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).